UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALVIN PUTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-738 RLM |
| ) | |
| LIMA AUTO MALL INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Plaintiff and Defendants Federal Mogul Corporation and Carter Automotive Company submitted a Stipulated Protective Order on June 11, 2008, requesting that this Court issue a protective order covering various information in the underlying litigation.  For the following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order [Doc. No. 107].  The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

**I.    APPLICABLE STANDARDS**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999).  In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire.  Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945).  In other words, this Court

cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. <u>Citizens</u>, 178 F.3d at 945 (citing <u>In re Krynicki</u>, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., <u>Confidentiality, Protective Orders, and Public Access to the Courts</u>, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205 F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 946).  This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.    ANALYSIS

The agreed protective order does not contain the specific language referring to the public interest.  The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings." <u>Jessup v. Luther</u>, 227 F.3d 993, 997 (7th Cir. 2000).  In granting protective orders, judges are the "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205 F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 945-46).  The proposed order fails to allow any interested member of the public to challenge the sealing of particular documents

### III. CONCLUSION

Because the parties' Stipulated Protective Order does not contain language allowing any interested member of the public to challenge the sealing of documents, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order [Doc. No. 107]. The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 12th Day of June, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
